### No. 327
### CRAWFORD v. MIRMAN

Ohio Appeals, 9th Dist., Summit County
No. 628.  Decided Oct. 9, 1923

677.  JUDGMENTS AND DECREES—Court
has no power, after term to modify judgment,
unless motion is filed and statutory notice
given.

PARDEE, J.            Epitomized Opinion
Published Only in Ohio Law Abstract

Original action on a note in the Summit
Common Pleas, wherein Edward Mirman was
plaintiff and John E. Crawford was defendant.
A verdict was rendered for plaintiff on Feb.
25, 1921, and on Feb. 28 a motion for a new
trial with affidavits was filed.  On March 31,
1921, in the same term in which the verdict
was rendered, the motion for a new trial was
overruled.  On April 4, 1921, being a day in
the same term, judgment for plaintiff was
entered upon the verdict by the clerk.

On Feb. 9, 1922, almost a year after the mo-
tion for a new trial was overruled, a journal
entry was made reciting that it appearing that
the judgment had been entered by the clerk,
on the verdict theretofore rendered by the jury,
without approval or authority of court and to

the prejudice of the rights of defendant, it was ordered that judgment be entered on the records as of the date of this entry, and that the records should be changed to conform thereto. And below that the same judgment as before was entered under the date of Feb. 9, 1922.

On March 11, 1922, a bill of exceptions was filed by Crawford and it was approved by the court on April 15, 1922. A petition in error was then filed by Crawford in the Court of Appeals. Mirman objected to consideration of the case because the bill of exceptions was not filed in the trial court within time and because the petition in error was not filed within time in the Court of Appeals. Held:

The order of the court causing the journal entry of judgment to be changed so as to bear the date of Feb. 9, 1922, was made at a subsequent term, at which time the court had lost jurisdiction and control of its journal with respect to this case. If Crawford desired to have the judgment modified or changed he should have complied with 11631 et seq. GC., which requires a motion to be filed and notice given to the adverse party. Without this motion and notice the court was wholly without jurisdiction to modify its judgment in the manner attempted. Hence the order of Feb. 9, 1922, was null and void. The petition in error not having been filed in this court within the time provided by law, this court is without jurisdiction to entertain the case. Petition in error dismissed.

Attorneys—Holloway & Chamberlin, for Crawford; Carl M. Myers, for Mirman, all of Akron.