**RABB, Admr, etc v CUYAHOGA COUNTY COMMISSIONERS**

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10409. Decided March 3, 1930

Cline & Patterson, Cleveland, for Rabb.

Ray T. Miller and David Ralph Hertz, both of Cleveland, for Commissioners.

SULLIVAN, J.

At this juncture a proper consideration of the case demands that we consider the legal status of the plaintiff who obtained the judgment by default. During the term

708

in which the default was rendered, the court having control of its docket had full power sua sponta or otherwise, to suspend or vacate the judgment. This power was not only inherent in the court but established by a long line of authorities and there is nothing that could take this power from the court during the term in which the judgment by default was rendered. This power and control over the judgment during term ceases when the term is ended and the court is powerless to interfere by way of vacation or suspension with this judgment unless by a strict conformity to the statute, and one of the reasons undoubtedly is that there should come a time when the judgment obtained by default at a preceding term might become imbued with a permanent character and thus have the sanctity of a pronouncement of judgment that did not depend upon the mere will, discretion, choice or judgment of the court which rendered the judgment by default. As soon as the court was bereft of the power which existed until the end of the term, then and thereupon the judgment of plaintiff became a right that was vested because it could not be molested by the mere whim of the court and could only lose its force and virtue by the operaiton of the statute which had reference only to this new situation which accrued subsequent to the ending of the term of court wherein the judgment by default was pronounced. That vested right, bereft of the instability and uncertainty which characterized its existence during the term of court at which it was rendered, became the property of the plaintiff and had the same force and virtue under the law as if it were a judgment pronounced upon a verdict after a full trial had and full proceedings thereon. When the term ended the judgment was unreversed and unmodified and because of the ending of the term and the crippling of the power of the court, the judgment was infused with a new life and the only power which remained to the court that pronounced the judgment by default, was to vacate it at a succeeding term upon motion or petition founded upon statutory grounds, and unless these grounds existed the court was powerless to exercise any authority over the judgment such as it could have done during the preceding term of its own will and volition.

Now, can the failure of the prosecuting attorney under the record at bar, be called an irregularity in order to have it stand upon a statutory ground? An irregularity is a departure in legal procedure from things which are regular. It is something by way of procedure which is unusual and irregular. The failure to plead or to do some act that would prevent a judgment by default was a requirement for something affirmative. It was an omission to do that which was regular in legal proceedings. It does not consist of an act that was a departure from the usual and regular procedure. It was an omission to perform an act and thus in the nature of the case, it could not create an irregularity because that presupposes some act which in comparison with other acts, is irregular in its

nature but no comparison can be made because of the absence of any act whatsoever. Thus we cannot conclude that there was an irregularity.

As to whether there was unavoidable casualty or misfortune, the same reasoning applies. There would have to project from the record some facts which not only show a casualty or a misfortune, but it would also have to appear, at least as to the question of casualty, that it was unavoidable. The mere failure to follow the instructions of the Board of County Commissioners cannot be called a casualty and therefore cannot be called an unavoidable casualty. A casualty is something in the nature of an accident; it is something unexpected; it is in the nature, itself, of a misfortune and in a sense the two words are legally synonymous. If it were a casualty, there is no reason that appears in the record that it was unavoidable. Forgetfulness is not in and of itself a misfortune, considering the case at bar; if anything it is the basis of the misfortune. In any event the misfortune was not unavoidable, and while there is some question as to whether the word "unavoidable" applies to the word "misfortune" as it does to "casualty" may be questioned, yet in our judgment that is the significance and legal effect of the word as it stands alone. There is nothing in the record that shows what the misfortune was or that there was any misfortune which resulted in the judgment by default, as appears in **Lazarus et al vs Cleveland Household Supply Co., 23 O. Ap. Rep. 15,** where the defendant left his process papers at the office of his attorney during his illness, which was of such nature that it was the cause of the entering of the default which was done during the illness. We do not think the holding in that case is applicable to the record at bar. It is well settled law in this State that at a subsequent term a judgment cannot be vacated unless the record shows that statutory grounds, in fact as well as law, exist. One cannot plead unavoidable casualty or misfortune, or irregularity unless the facts justified such characterization and in the case at bar there are no facts which are co-related to any of these terms issuing from the statute as grounds for the vacation of judgments.

When we come to the question as to whether there is a valid defense, it is immaterial to discuss it because there being no statutory grounds for vacating the judgment, the court would be powerless to set it aside simply because there is a valid defense, a step in the procedure which follows upon the heels of a judgment by the court that statutory grounds for the vacation of the judgment exist, and are proven. Thus it is unnecessary to go into the question as to whether or not the act of the Legislature applies to the facts incorporated in the record at bar, and upon that question we offer no conclusions in the present state of the record, because this court can in no wise hold, within the limitations of its judicial power, that a valid defense in the absence of statutory grouds, is sufficient basis for the vacation of the

judgment at bar.

Holding these views it is our unanimous judgment that the court committed error in overruling the demurrer to the petition to vacate because if the facts alleged do not in law constitute irregularity or unavoidable casualty or misfortune, then it is demurrable without considering the question as to whether the Legislative act applies to the facts of the present record, and it is our further conclusion that the court erred in vacating the judgment for the reasons which are herein given.

Thus holding, the judgment of the common pleas court vacating the judgment rendered by default, is hereby reversed and cause remanded with instructions to sustain the demurrer of plaintiff in error.

Vickery, PJ, and Levine, J, concur.