### COYNE v LYMAN

Ohio Appeals, 7th Dist, Mahoning Co
Decided June 11, 1930

Ed. Williams and A. L. Kearns for Coyne.
M. E. Brunswick, Youngstown, John Hooper and Wm. E. Pfau, Youngstown, for Lyman.

POLLOCK, J.

The first claim that was made in this matter is that the action being appealed from the Court of Common Pleas to this court, the Court of Common Pleas while the appeal was pending in this court could not make any order or judgment in the case, had no jurisdiction to do so. That is correct so far as entering any further judgments on the merits of the case is concerned, but that is not the issue here. The issue here was a motion under the statute after term asking the court to strike out the judgments that had been entered on July 30th, because the court had no jurisdiction to enter them.

Section 11634 GC provides:

"Proceedings to correct mistakes or omissions of the clerk or irregularity in obtaining a judgment or order shall be by motion upon reasonable notice to the adverse party or his attorney in the action."

It does not appear by the record that there was any written notice served on the attorneys for the plaintiff. While one of the attorneys testifying said he thought a copy of the journal entry was sent to opposing counsel, there does not appear to be any written application or motion made. We think that there was no legal notice served upon opposing counsel, or counsel for plaintiff, of the oral request or oral motion asking the court to set aside this judgment. The court would have no jurisdiction to set aside judgment after term as this was, unless the opposite party had notice. But aside from the question of notice to opposing party, it does not appear that the facts then before the court were sufficient to authorize a court to set aside judgment of March 19th and re-enter that judgment. If the court had, it must appear that the judgment of March 19th was not regularly entered.

We will just refer to what the court itself said as to a summing up of the facts. The court said, stating the facts as he understood them and as they appeared before him when the entry of July 30th was made.

"Now, when this matter was presented to me here in July, 1929, July 30th, 1929, I just felt that this case had been in this court long enough. It was going around everywhere else and somebody else ought to have it for a while, and I made the entry and upon that let it into the court of appeals as that is where the case should be presented, and for this reason I have always felt that that matter as to the duration of this injunction is a matter that should seriously concern any court. I appreciate the fact that the record is against me in the matter. Judge Thomas decided otherwise and the journal entry approved by Mr. Kearns and Mr. Brunswick decided otherwise. I appreciate that but the fact was in my mind, and Mr. Bye knew that was in my mind and at the time I suggested to him what was in my mind. Then again, these are advertising dentists and I don't know how far the court should go in entertaining an action in this court. It is unethical according to their profession in the methods they used or employed in procuring business, and

some of these things were in the back of my head somewhere when I made this entry 'for good cause shown', and I want the record to clearly show that there was no formal proceeding and that there was no evidence introduced and there was no appearance here upon the part of Mr. Bye or Mr. Kearns. There was nothing of that kind here. Mr. Pfau and I were alone in this room and I reached the conclusion that the motion was well taken and it should be sustained."

In this there is no statement or evidence indicating irregularity in entering of judgment of March 19th, and if the court had it in his mind that he had made an error about entering judgment, if that is what he means by having somthing in the back of his head, he immediately made the same entry without correction. All we have is that it was his intention to get it out of the Court of Common Pleas and let the Court of Appeals work with it for a while, and that is no doubt the reason for setting aside the judgment.

There is considerable discussion here about judgment entered July 30th containing the words "for good cause shown". That has no virtue in attempting to set aside judgment without facts showing there was good· cause for setting aside a judgment. So that the judgment of the Court of Common Pleas overruling the motion to strike out both judgments entered on July 30th is reversed with direction to sustain the motion and strike out those two judgments. Exception.

Roberts and Farr, JJ, concur.