ANDREWS, APPELLEE, *v.* ACKERMAN COAL CO.,
APPELLANT.

(Decided December 27, 1937.)

*Messrs. Streicher & Krueger,* for appellee.
*Mr. Samuel Z. Kaplan,* for appellant.

CARPENTER, J. The immediate issue before this court is a motion to dismiss the appeal on questions of law taken by the defendant from the action of the trial court in sustaining a motion for a new trial.

The cause was tried to a jury, which returned a verdict for the defendant September 23, 1936. The plaintiff seasonably filed a motion for a new trial which, apparently, the court indicated its purpose to grant, but that purpose was not expressed by a journal entry; nevertheless, December 10, 1936, the defendant filed a motion for a rehearing on the granting of the motion for a new trial and that motion was granted and journalized, January 22, 1937. April 19, 1937, in the April term of the trial court, the motion for a new trial was sustained and a journal entry was filed on that order.

At the following term of that court, on September 18, 1937, which was the sixth day of the September term, the trial judge, without any motion, petition or other pleading being filed by the defendant, caused the following journal entry to be made:

"This day it is ordered by the court that the entry of April 19, 1937, on rehearing of motion for new trial, heretofore entered be and hereby is vacated and set aside."

On the same day the court again sustained the plaintiff's motion for a new trial, and a journal entry in exactly the same form as that of April 19, 1937, except that defendant's exceptions were noted at the end thereof, was filed.

Notice of appeal on questions of law was filed by the defendant on October 8, 1937, "from the order, judgment, and decree of this court, heretofore rendered herein, granting the plaintiff's motion for a new trial." The notice does not specify the date of entry of the order appealed from.

By his motion to dismiss the appeal, the plaintiff claims that the notice was not filed within twenty days of the entry of April 19, 1937, and that the term at which that entry was made having passed on September 18, 1937, the trial court was without power to set aside the April entry, and its attempted order to do so and the order then made sustaining the motion for a new trial are void and of no effect.

Sections 11631 to 11643, General Code, provide for the vacation of judgments and orders after the term at which they were made, and the manner in which it must be done. There is not a word in the record in this case to indicate that the action of the court came within any of the provisions of that chapter of the code, nor were the proceedings therein provided for had or even attempted.

Unless a matter is brought within some one of the

situations mentioned in that chapter, it is well settled in Ohio that a court is without power to vacate, change or modify its "judgments or orders" made at a former term. *Reinbolt* v. *Reinbolt,* 112 Ohio St., 526, 533, 147 N. E., 808; *Rabb, Admr.,* v. *Bd. of Commissioners of Cuyahoga County,* 36 Ohio App., 481, 173 N. E., 255.

This is a salutary rule, for if the procedure attempted here is correct, no one can know when the judgments and orders of a court become final. A court might at any time vacate its orders, either to enable it to change the orders or to permit a dilatory party to perfect an appeal. In this case there is another significant reason why this action should not be permitted; in April, the sustaining of a motion for a new trial was not a final order from which an appeal could be taken within the meaning of Section 12223-2, General Code, which was so amended April 29, 1937, effective August 23, 1937, as to make such action of the court a "final order" from which appeal could be taken. In other words, appeal from such an order, if made in April, would not lie, but if made in September, it would.

The difficulties of the defendant's situation is recognized by it for it now urges, in defense of its appeal, two propositions: One, that Section 11634, General Code, in the chapter referred to, authorizes "proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order," and that the motion therefor might be made by the court itself, and in the absence of an affirmative showing to the contrary, it must be presumed that the court's action was regular. There is not a word in the record that tends to suggest that one of the situations contemplated by this section was present or prompted this action. Presumptions are legal infer-

ences, and they cannot arise unless there is some fact from which such inferences can be drawn.

The other defense of the appeal is that the plaintiff consented to the vacation of the April entry. Nowhere in the record the defendant presents, is there anything to indicate such consent.

From all this it is apparent that the orders attempted in September were void and did not affect the force of the prior order, and the appeal not having been noticed within twenty days of that order, even granting appeal could have been taken from it, the notice of appeal when given, was too late and does not give this court jurisdiction, and the appeal is dismissed.

*Appeal dismissed.*

LLOYD and OVERMYER, JJ., concur.