## UNITED STATES v. FOX et al.
### No. 8969.

District Court, E. D. Pennsylvania.

Jan. 28, 1942.

———◆———

Gerald A. Gleeson, U. S. Atty., and Francis W. Sullivan, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Martin W. Littleton, of New York City, for defendant.

BARD, District Judge.

On October 21, 1941, this court denied the defendant Fox's petition requesting leave to withdraw his plea of guilty entered to the indictment and to enter a plea of not guilty.

At that hearing the following took place between the court and counsel for defendant Fox:

"The Court: You are willing to concede if the court in its discretion feels that it ought to deny your motion, that it is legal to sentence one defendant who has pleaded guilty to a conspiracy indictment when the others have not been convicted?

"Mr. Littleton: That has been done, that has been done.

"The Court: You are willing to concede that point?

"Mr. Littleton: That has been done.

"The Court: So it is all addressed to the discretion of the court?

"Mr. Littleton: That is all I can say, and in addressing it to the discretion of the court I do not see that there is any phase of the thing that can be excluded. The discretion of the court must be based on the law and all the surrounding circumstances, as well as the equity of the thing."

The court imposed sentence and an appeal is pending in the Circuit Court of Appeals, asserting that this court erred and

abused its discretion in not allowing the defendant Fox to withdraw his plea.

A petition is now presented to this court praying that the sentence imposed upon the defendant Fox and the judgment of conviction rendered against him be vacated and set aside because a judgment of nolle prosequi of the conspiracy indictment as against the other two defendants named therein as alleged co-conspirators was rendered by this court upon motion of the United States Attorney acting under the direction of the Attorney General of the United States.

This nolle prosequi was entered November 24, 1941, subsequent to the date when sentence was imposed upon the defendant Fox, and was done after two different juries failed to agree upon a verdict.

Defendant Fox had entered his plea of guilty prior to the first trial and testified as a government witness against the other two defendants at both trials.

Defendant Fox contends that since the entry of a judgment of nolle prosequi against the other two defendants, the basic requirement for the existence of a conspiracy has been destroyed, namely, that two or more persons must act in concert for the commission of a crime, and that he is in the position of being convicted of a crime which in fact and in law cannot exist.

I must reject this contention. In the espionage case entitled Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541, Farnsworth advanced the contention that because his codefendants were immune from prosecution by reason of a diplomatic status he alone could not be convicted of a conspiracy. The court rejected this contention, citing United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; United States v. Holte, 236 U.S. 140, 35 S.Ct. 271, 59 L.Ed. 504, L.R.A.1915D, 281; O'Leary v. United States, 7 Cir., 56 F.2d 515; Curtis v. United States, 10 Cir., 67 F.2d 943. The following language of the court is significant, page 544 of 98 F.2d: "The rule that the acquittal of all save one of alleged conspirators results in the acquittal of all applies to acquittals on the merits. The reason of it is that such judgments prove that there was in fact no criminal agreement among two or more persons. On the trial of a conspirator there is no technical rule that others must be concurrently or precedently convicted. Nor will personal defenses of the other conspirators not amounting to a total incapacity to commit crime be a defense to him."

Motion to vacate judgment of conviction denied.