**GRELLE, Plaintiff-Appellant, v. HUMBEL, et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4152.   Decided September 21, 1948.

Michael A. Coughlin, Walter W. Grelle, Jr., Columbus, for plaintiff-appellant.

Arthur L. Spielman, Columbus, for defendants-appellees.

**OPINION**

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Municipal Court of Columbus, Ohio, in which a default judgment rendered in favor of the plaintiff was vacated after term.

Plaintiff sued defendants for garage rent and obtained a default judgment on December 8, 1947, in the amount of $89.00. On January 9, 1948, an execution was issued which was returned unsatisfied. On January 16, 1948, the defendants filed a motion to vacate the judgment which was subscribed only by counsel for the defendants. On January 21, 1948, the Court granted leave to defendants to amend at bar to change the style of the pleading from "motion" to "petition". On the same date the Court, without further proceedings, sustained the petition to vacate the judgment and granted defendants leave to file a tendered answer. On January 26, 1948, plaintiff filed his application for a rehearing on the petition to vacate the judgment which was overruled on February 9, 1948. After the motion was amended at bar and designated a "petition", it was not verified by affidavit and no summons was issued as required by §11635 GC. No proof of any of the grounds to vacate was submitted and the Court made no finding as to the validity of the defense.

The jurisdiction of the trial court to change its judgment does not extend beyond the term in which it is rendered. **Reinbolt v. Reinbolt, 112 Oh St 526, 533**; 147 N. E. 808. The vacation of a judgment after term is controlled by §11631 et seq. GC, which specifically enumerates the procedural steps to be followed. A court is without power to vacate a judgment after term unless there is a strict compliance with the controlling statutory provisions. **Terry v. Claypool, 77 Oh Ap 77, 86**, 65 N. E. (2d) 883; **Andrews v. Ackerman Coal Co., 59 Oh Ap 65**, 17 N. E. (2d) 274; **Raab, Admr. v. Board, 36 Oh Ap 481**, 173 N. E. 255. The statutory requisites not being complied with, the Court was without authority to vacate the judgment.

Judgment reversed and cause remanded for further proceedings according to law.

MILLER and HORNBECK, JJ, concur.