In re Golib.

(No. 5222—Decided January 20, 1955.)

*Mr. Joseph G. Rotondo,* for petitioner.
*Mr. Frank H. Kearns,* prosecuting attorney, and *Mr. Joseph Poorman,* for respondent.

*Per Curiam.* This is an action in habeas corpus, originating in this court. The facts have been stipulated.

The petitioner was indicted for forgery by the Grand Jury of Franklin County. On February 2, 1954, after arraignment and the entering of a plea of not guilty, an order was made as follows:

"This day upon application of the prosecuting attorney and for good cause shown, it is ordered by the court that nolle prosequi be entered in this indictment."

Upon the face of the record, it appears that this order was legally and properly entered under the provisions of Section 2941.33, Revised Code, which read as follows:

"The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid."

In a subsequent term, to wit, on December 28, 1954, an order vacating the former order was entered, which order states as follows:

"It appearing to this court that the nolle prosequi entered by this court was entered contrary to statute R. C. 2941.33, in that good cause was not shown, [it] is hereby declared invalid and is ordered vacated and set aside."

The petitioner was rearrested and is now in custody.

It does not appear from the record that a motion or petition was filed requesting the vacation of a former order; neither does the record show that notice was given or summons issued to the adverse party, or that an appearance was made. Ordinarily, in the absence of proof to the contrary, we would be required to indulge the presumption of the regularity and validity of the order, but for defects apparent upon the face of the record the presumption of validity does not obtain.

It has been held that in a criminal case the court has no power or authority to vacate its order after term except in the manner prescribed by statute. *In re Robinson*, 8 Ohio App., 391, 393; 12 Ohio Jurisprudence, 713, Section 693. Counsel for respondent contend that Section 2325.01 and related sections of the Revised Code, relative to relief after judgment, apply. However, the record fails to show that a motion to vacate was filed and notice given as required by Section 2325.04, Revised Code, or a petition filed on which summons was issued and

served as required by Section 2325.05, Revised Code. In giving the provisions of these sections full application we would be required to hold that the failure to file a motion or petition and give notice or serve summons as required by statute invalidated the order of the court which attempted to vacate the order of *nolle prosequi*. The failure to comply with the statutory requirements with respect to vacation of orders after term was not merely an irregularity which could be taken advantage of only by appeal, but deprived the court of jurisdiction to make the order. Assuming that these sections apply to a criminal proceeding, the court was without jurisdiction and the order of vacation was null and void. *Andrews* v. *Ackerman Coal Co.,* 59 Ohio App., 65, 68, 17 N. E. (2d), 274; *Schliewe* v. *Poole,* 18 C. C. (N. S.), 265, 266, 33 C. D., 31; *Nye* v. *Stillwell B. S. & V. Co.,* 12 C. C., 40, 5 C. D., 335; *Coyne* v. *Lyman,* 8 Ohio Law Abs., 497; *Crawford* v. *Mirman,* 2 Ohio Law Abs., 282; 23 Ohio Jurisprudence, 1152, Section 1022; see, also, *Grelle, Jr.,* v. *Humbel,* 84 Ohio App., 277, 81 N. E. (2d), 718. The court lacking jurisdiction to make the order dated December 28, 1954, it would follow that the order of the court dated February 2, 1954, is still in full force and effect. If we adopt this theory of the case, the petitioner would be entitled to be released from custody. Inasmuch as counsel for petitioner contends that Section 2325.01 and related sections of the Revised Code have no application, we do not choose to rest our ruling alone on the application of these sections to the facts of record. But we find no comparable section to Section 2325.01, Revised Code, in the Criminal Code (Title 29, Revised Code).

We come now to discuss the contention of counsel for petitioner which we consider to be more important and determinative of the issue presented, to wit, after entering the *nolle prosequi* order as provided by statute, the court lacked jurisdiction to make an order at a subsequent term reinstating the original indictment and prosecution under it. Counsel for respondent contend that the court may vacate a *nolle prosequi* after term, citing in support thereof 22 Corpus Juris Secundum, 711, Section 463; *Commonwealth* v. *McLaughlin,* 293 Pa., 218, 142 A., 213; and *Price* v. *Cobb,* 60 Ga. App., 59, 3 S. E. (2d), 131, cited in the footnote. Unquestionably, this is the minority view.

The authorities are in disagreement. 112 A. L. R., 386; 14 American Jurisprudence, 966, Section 295; 27 American Jurisprudence, 600, Section 22; 22 Corpus Juris Secundum, 704, 711, Sections 456, 463. In 112 A. L. R., on page 386, the majority rule is stated as follows:

"The general rule is that where in a criminal proceeding the prosecuting attorney causes the entrance of an unconditional nolle prosequi or dismissal of the indictment or information, the proceeding is terminated, and the same indictment or information cannot be reinstated at a subsequent term and prosecution thereon resumed."

The authorities clearly hold that during term the court may set aside its order of *nolle prosequi* and reinstate the indictment, but after term the overwhelming weight of authority is that a new indictment must be brought in order to prosecute the offender for the same offense. We have examined numerous cases cited in 22 Corpus Juris Secundum, 704, Section 456, and in the supplements, together with all the cases cited in 112 A. L. R., 386, and the supplements, and we are constrained to apply the rule of law pronounced in those cases to the issue presented here. Among the cases following the majority view are: *People* v. *Watson,* 394 Ill., 177, 68 N. E. (2d), 265; *State* v. *Van Ness,* 109 Vt., 392, 199 A., 759, 117 A. L. R., 415; *State* v. *Veterans of Foreign Wars,* 223 Iowa, 1146, 274 N. W., 916, 112 A. L. R., 383; *United States* v. *Fox,* 43 F. Supp., 582, affirmed 130 F. (2d), 56 (C. C. A., 3); *Woodworth* v. *Mills,* 61 Wis., 44, 20 N. W., 728, 50 A. R., 135; *Willingham* v. *State,* 14 Ala., 539.

While the issue presented is one of first impression in Ohio, our Supreme Court, in *Douglas* v. *Allen,* 56 Ohio St., 156, 46 N. E., 707, used language which is in accord with the weight of authority. The statement of the court, which under the issue there presented may be found to be obiter dictum, begins on page 159, and is as follows:

"Considering the question on principle, it would seem that the reason of the rule requiring the termination of the prosecution before the commencement of the action, is as well satisfied where the prosecution is ended by a *nolle prosequi,* followed by the discharge of the accused, as it is by his acquittal of the

charge. The prosecution being so ended, there can thereafter be no conviction of the accused in that proceeding, and therefore no opportunity to establish in that proceeding the existence of probable cause for the prosecution. True, a *nolle* may be entered at a time when it will not preclude another prosecution for the same offense; but the institution of another prosecution requires a new complaint or indictment, and it becomes a new proceeding. The former one, after the discharge of the defendant therefrom, cannot be reinstated or revived and proceeded with; or if it could be, unless that is done within the proper time, the prosecution would nevertheless be ended.''

In that case the accused brought an action for malicious prosecution. The question presented was whether the prosecution had terminated. The court held that the prosecution had legally terminated, and that the suit could be maintained.

While this court, in the application of the majority rule to the issue here presented, is required to rule that the petitioner cannot be held to answer the charge under the original indictment, we must observe that the authorities following the majority view hold that after a *nolle prosequi* has been entered, at a subsequent term the offender in a proper case may be prosecuted under a new indictment.

Petitioner ordered discharged from custody.

*Petitioner discharged from custody.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.