David C. SANDER, Petitioner,

v.

STATE OF OHIO, Respondent.

Civ. No. 4491.

United States District Court,
S. D. Ohio, W. D.

Nov. 12, 1973.

James J. Goubeaux, Lee A. Bixler, Greenville, Ohio, for petitioner.

Thomas Hanes, Pros. Atty., Lee Frey, Asst. Pros. Atty., Greenville, Ohio, for respondent.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1970). Both sides have submitted memoranda and waived oral argument. Petitioner David C. Sander seeks a writ of habeas corpus under the following circumstances:

On October 9, 1970, petitioner was indicted for murder in the first degree by the Darke County Grand Jury. This indictment was voided on a procedural error and on November 18, 1970, a special Darke County Grand Jury returned a new indictment of first degree murder. On April 1, 1971, the Prosecuting Attorney of Darke County sought and received leave of court to enter a nolle prosequi as to the November 1970 indictment. No trial had commenced, nor jury empaneled at that time.

On August 23, 1971, the Darke County Grand Jury returned a third indictment of murder in the first degree against petitioner. The petitioner now seeks to quash this indictment on the grounds that he has been denied his right to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution.

On September 13, 1971, petitioner's Motion to Quash the indictment in the Common Pleas Court of Darke County on identical grounds was denied. Appeal was taken to the Darke County Court of Appeals and dismissed; on December 28, 1971, petitioner appealed to the Supreme Court of Ohio and that Court overruled the motion for leave to appeal.

On March 15, 1972, almost six months after the third indictment was returned, petitioner entered a Plea in Abatement to the indictment in the Court of Common Pleas of Darke County, Ohio. This Plea in Abatement again raised constitu-tional objections to the indictment. It was denied and petitioner's immediate appeal to the Darke County Court of Appeals was dismissed.

Petitioner's motion for leave to appeal to the Supreme Court of Ohio was overruled on January 12, 1973. On March 30, 1973, petitioner filed a Writ of Certiorari to the United States Supreme Court which was denied on May 21, 1973. It is noteworthy that petitioner was incarcerated for a period of time but was released on bond on December 14, 1972.

■■ The petitioner, therefore, has raised constitutional objections to his indictment and forthcoming trial before six Ohio courts. The exhaustion of state remedies, a prerequisite to a federal writ of habeas corpus, is a doctrine grounded upon considerations of federalism and comity, Hairston v. Alabama, 465 F.2d 675 (5th Cir. 1972). 28 U.S.C. § 2254(b) does not require that a petitioner pursue futile or foreclosed remedies before state courts. Ham v. North Carolina, 471 F.2d 406 (4th Cir. 1973). Further, where a state prisoner's claim of violation of his Constitutional rights has been presented to the highest court of a state, a petitioner need not also pursue a state habeas corpus remedy. Sandoval v. Rodriguez, 461 F.2d 1097 (10th Cir. 1972); Thomas v. Decker, 434 F.2d 1033 (5th Cir. 1970). Under the facts of this case, the petitioner has exhausted his state court remedies since he has pursued "remedies available in the courts of the State" and "there is an absence of available State corrective process [and] . . . the existence of circumstances render[s] such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b) (1970).

Petitioner now seeks a writ of habeas corpus alleging that the indictment of August, 1971, was an illegal continuation of the previous indictment of November 18, 1970, in violation of the right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. Petitioner isolates the period from November 18, 1970, to

August 23, 1971, as constituting that period during which he was denied a speedy trial. His contention, therefore, must rest upon the nature of the nolle prosequi entered April 1, 1971, which terminated the indictment of November 18, 1970.

It is abundantly clear that, under Ohio law, a nolle prosequi entered in accordance with Ohio Rev.Code § 2941.33 completely terminates a prosecution. The defendant is no longer under any form of legal restraint. If a nolle prosequi is entered before a jury is sworn, the defendant has not been placed in jeopardy and another prosecution for the same offense is permissible. The parties assume the position they occupied prior to the filing of the affidavit, indictment or information. City of Columbus v. Stires, 9 Ohio App.2d 315, 224 N.E.2d 369 (1967), In re Golib, 99 Ohio App. 88, 130 N.E.2d 855, 58 O.O. 173 (1955). It is only where a nolle has been entered after a jury is sworn to try the causes that it amounts to an acquittal and the accused is deemed to have been placed in jeopardy. Douglas v. Allen, 56 Ohio St. 156, 46 N.E. 707 (1897).

It is evident that between April 1, 1971, and August 23, 1971, the petitioner was a free man—under no indictment and under no limitation as to his movement, his occupation or his position in the community. The petitioner's reliance upon Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), is, therefore, misplaced.

Claimed violations of the Sixth Amendment guarantee to a speedy trial are determined by courts on a case by case basis with due regard for the peculiar circumstances surrounding each alleged infringement. The Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), has set forth factors for courts to consider: (1) length of delay, (2) the reason for the delay, (3) when defendant asserted his right, and (4) prejudice to the defendant. The Court emphasized

that the key factor is length of delay. Unless there is a delay that is presumptively prejudicial, there need not be inquiry into the other factors. 407 U.S. at 530.

Using the "ad hoc" approach and balancing test, the Court in *Barker* found no Sixth Amendment violation where the petitioner did not stand trial for murder more than five years after he had been arrested and after sixteen continuances, all at the prosecution's request. In contrast, the instant case provides no similar basis for finding a denial of a speedy trial. No continuances have been requested by the prosecution and no demands for trial were made by the petitioner until April of 1971.

Any ad hoc approach to this matter must include consideration of the following:

1. This is an indictment for murder in the first degree.

2. The nolle prosequi of the indictment of November 18, 1971, was occasioned by lack of sufficient evidence.

3. The petitioner was reindicted following the discovery of additional evidence.

4. The petitioner was under indictment for a total of 174 days prior to the nolle prosequi on April 1, 1971, and at no time during that period did he request trial.

5. Since August 23, 1971, petitioner's activities in seeking to quash his indictment before six Ohio courts have effectively precluded trial on the first degree murder charge.

6. Petitioner has not been incarcerated since December 14, 1972.

After considering the foregoing in light of Barker v. Wingo, *supra,* this Court is of the opinion petitioner was not deprived of his due process right to a speedy trial under the Sixth Amendment. Accordingly, the petition for writ of habeas corpus is hereby denied.