### STEWART et v STATE

Ohio Appeals, 4th Dist, Hocking Co

Decided April 7, 1932

Edwin D. Ricketts, Logan, for plaintiffs in error.

C. Wood Bowen, Logan, Prosecuting Attorney, for defendant in error.

BLOSSER, J.

The crimes charged in the informations are felonies under §6212-17, **GC,** and punishable by fine and imprisonment in the state penitentiary.

No action was taken by the grand jury in presenting the charges against the defendants, and there were no indictments against them. They were tried solely on the informations prepared and filed by the prosecuting attorney.

**Section 10, Article I, of the Constitution of Ohio,** provides that: "No person shall be held to answer for a capital or otherwise infamous, crime, unless on presentment or indictment of a grand jury."

The crime of unlawfully manufacturing intoxicating liquor charged in the informations against the defendants, and for which they were tried and found guilty, being a felony, is regarded as an infamous crime under the laws of Ohio. **Stockum v State, 106 Oh St, 249, 253, 139 NE, 855; 12 Ohio Jurisprudence, 47; 14 Ruling Case Law, 155.** Under the constitutional provision above

referred to the defendants could not be put upon trial except on an indictment by a grand jury.

In the case of **Doyle v State, 17 Ohio, 222, 224,** where the defendant was not indicted by a proper grand jury, it is said: "Hence no indictment in this case was ever found by a grand jury, because there was no grand jury to pass upon it. Hence that which purports to be an indictment, was no indictment, and the party charged could not be put upon trial to answer. * * * But it is said the objection comes too late. No objection can come too late, which discloses the fact that a person has been put to answer a crime in a mode violating his legal and constitutional rights. * * * No man, by express consent, can make that an indictment, authorizing the court to try that which, in fact, was not an indictment. * * * Suppose that a paper, in the form of an indictment, should be put upon file, not purporting to be bound (found) by a grand jury, could the person charged, by entering a plea of not guilty, confer upon the court the power to try and sentence him? No one would pretend it."

Later, in the case of **Goodin v State, 16 Oh St, 344,** the Supreme Court held that whatever is prescribed by the Constitution and laws of the state to be done in prosecutions for crimes is essential to the jurisdiction and power of the court to convict, and can neither be omitted or waived.

The rule laid down by our Supreme Court is the well-settled law. "There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence thereof the court acquires no jurisdiction whatever, and if it assumes jurisdiction, a trial and conviction are a nullity. The accusation must charge an offense; it must charge the particular offense for which accused is tried and convicted; and it must be made in the particular form and mode required by law. * * * In most jurisdictions, if not in all, a formal accusation, or an accusation in a particular mode or form, is expressly required by constitutional or statutory provisions, or by both, and these provisions must of course be followed." 31 Corpus Juris, 559.

The defendants were not called upon to answer the charges against them in the informations. The crimes attempted to be charged were felonies, and classed as infamous crimes, which could only be charged in this state by an indictment found by a grand jury. The court had no jurisdiction to try the defendants upon the informations, and the judgment of the court was a nullity.

For the reasons stated the judgments of conviction are reversed, and the defendants are discharged.

MAUCK, PJ, and MIDDLETON, J, concur.