The STATE ex rel. FLYNT et al.

v.

DINKELACKER, Judge.

[Cite as *State ex rel. Flynt v. Dinkelacker*, 156 Ohio App.3d 595, 2004-Ohio-1695.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–030537 and C–030538.

Decided April 2, 2004.

Sirkin, Pinales, Mezibov & Schwartz, LLP, H. Louis Sirkin, Jennifer M. Kinsley and Jarrod Mohler; Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria and Paul J. Cambria Jr., for relators.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Ronald W. Springman Jr., Assistant Prosecuting Attorney, for respondent.

---

MARK P. PAINTER, Judge.

{¶ 1} When a case is over, it's over. This case was over in 1999.

{¶ 2} Relators Larry Flynt and Jimmy Flynt have filed a complaint for a writ of prohibition and an alternative writ of prohibition against Judge Patrick T. Dinkelacker. The Flynts seek an order to prohibit Judge Dinkelacker from proceeding in the state's prosecution of the Flynts on a 15–count indictment for the sale of sexually explicit material. Because the state has previously dismissed the indictment against the Flynts, we hold that the indictment cannot be reinstated and that Judge Dinkelacker lacks jurisdiction to hear the matter. Therefore, we grant the writ of prohibition.

## I. The Original Case

{¶ 3} The parties have agreed to a stipulated record for this case. Without any facts in dispute, both parties have moved for summary judgment.

{¶ 4} In March 1998, the Flynts were indicted by a grand jury on 15 charges. Judge Dinkelacker presided over the case. On May 12, 1999, the Flynts and the state entered into a plea agreement. In the agreement, a corporate entity, Hustler News and Gifts, Inc., was substituted for the Flynts as the defendant in counts 7 and 12, which charged the Flynts with pandering obscenity.[1] Hustler News pleaded guilty to those two counts. Judge Dinkelacker found Hustler News guilty and fined it $5,000 on each count, for a total fine of $10,000.

{¶ 5} The remaining charges against the Flynts were dismissed. According to the state, however, the charges were only "conditionally" dismissed. At the plea hearing, the state's prosecuting attorney stated on the record the terms of the alleged agreement: "Larry Flynt and Jimmy Flynt personally, and Hustler News and Gifts, Incorporated, corporately[,] agree to remove immediately, immediately, all existing videos from Hustler News and Gifts located at 34 East 6th Street in Cincinnati, Ohio, and will not in the future, disseminate or cause to be disseminated, any sexually explicit videos in Hamilton County, Ohio. * * * [And] if Larry Flynt or Jimmy Flynt or Hustler News and Gifts, Incorporated, violate[s] any of

---

1. R.C. 2907.32.

the terms of the agreement, the entire plea agreement becomes null and void, and all charges in the original indictment will be reinstated." (The Flynts argue that this agreement was unconstitutional. We do not need to reach that issue.)

{¶ 6} But the entry dismissing the remaining charges against the Flynts simply stated that the charges were dismissed "for the reason that Hustler * * * stands convicted and sentenced * * *, as is of record."

{¶ 7} On several occasions, from January through April 2003, undercover police officers purchased adult videos from the Hustler Store located at 411 Elm Street in Cincinnati. On June 18, 2003, the state filed a motion in Judge Dinkelacker's court, requesting that the judge reinstate the dismissed charges against the Flynts. Judge Dinkelacker scheduled a hearing on the motion for July 16, 2003. The Flynts then moved for a writ of prohibition and an alternative writ of prohibition in this court.

## II.  Writ of Prohibition

{¶ 8} To obtain a writ of prohibition, the Flynts must establish (1) that Judge Dinkelacker is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that a denial of the writ will cause injury to the Flynts for which no other adequate remedy exists in the ordinary course of law.[2]

{¶ 9} The Ohio Supreme Court has stated that if a trial court has general subject-matter jurisdiction over a cause of action, the court has the authority to determine its own jurisdiction and that a party challenging the court's jurisdiction has an adequate remedy at law by appeal.[3] But "where an inferior court patently and unambiguously lacks jurisdiction over the cause, * * * prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions."[4] Thus, if the lower court's lack of jurisdiction is patent and unambiguous, the availability of an adequate remedy at law is immaterial.[5]

## III.  No Jurisdiction

{¶ 10} The parties agree that because Judge Dinkelacker has scheduled a hearing on the state's motion to reinstate the 15-count indictment against the

2.  See *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267.

3.  See *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110.

4.  See *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288.

5.  See *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410, 686 N.E.2d 1126.

Flynts, he is about to exercise judicial power. Therefore, the first requirement for a writ of prohibition has been met.

{¶ 11} The Flynts argue that the charges against them were dismissed and cannot be reinstated. They contend that because there can be no further prosecution of them under the dismissed indictments, Judge Dinkelacker patently and unambiguously lacks jurisdiction. And, they insist, because Judge Dinkelacker lacks jurisdiction, that is the end of the matter, and the writ must be granted.

{¶ 12} The state, however, claims that the dismissal was merely "conditional." The problem with that theory is that there is absolutely no law to support it. The state has been unable to cite one case where what it seeks here has ever happened. That is because it cannot—criminal cases cannot be "conditionally" dismissed. Crim.R. 48(A) states, "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint *and the prosecution shall thereupon terminate.*" (Emphasis added.) This is exactly what happened; therefore, the prosecution here must end. The state seeks some kind of "super-secret probation" that does not exist in Ohio—or anywhere else that we can find.

{¶ 13} A dismissal may be conditional in a civil suit. For example, when a civil action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the trial court may retain jurisdiction to enforce the agreement if the condition fails.[6] But even in that instance, the trial court must usually specifically retain jurisdiction.

{¶ 14} But a criminal prosecution is a different matter. When a criminal matter is dismissed, it is ended. That is why the state can cite no criminal case in which the scenario it proposes has occurred.

### IV. Old Cases

{¶ 15} A conditional dismissal in a criminal matter would allow a prosecutor to keep a defendant perpetually indicted, without any idea concerning, or control over, when the matter would be resolved.

{¶ 16} The United States Supreme Court addressed such a concern in *Klopfer v. North Carolina.*[7] In *Klopfer*, the state prosecutor, under a "nolle prosequi with leave," attempted to suspend proceedings on a criminal indictment indefinitely. The "nolle prosequi with leave" permitted the prosecutor to activate the charges at any time and to have the case restored for trial "without further

---

6. See *Berger v. Riddle* (Aug. 18, 1994), 8th Dist. Nos. 66195 and 66200, 1994 WL 449397.

7. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1.

order" of the court.[8]    (The obsolete term "nolle" is now a dismissal.)    The charges against the defendant were thus never dismissed or discharged in any real sense.[9]

{¶ 17} The Supreme Court reversed and held that the state could not reinstate the indictment against the defendant.    "By indefinitely prolonging this oppression, as well as the 'anxiety and concern accompanying public accusation,' the criminal procedure condoned in this case by the Supreme Court of North Carolina clearly denies the petitioner the right to a speedy trial which we hold is guaranteed to him by the Sixth Amendment of the Constitution of the United States." [10]

{¶ 18} While we do not reach the issue of whether the Flynts' rights to a speedy trial were violated because the "reinstatement" of an indictment is not legally possible, we do note that it would be just another hurdle.

{¶ 19} The Supreme Court further noted, in its opinion in *Klopfer*, an Ohio case, *In re Golib*,[11] in which an appellate court held that when the prosecution causes an entry of either an unconditional nolle prosequi or a dismissal of an indictment, the proceeding is terminated and cannot be reinstated at a subsequent term.[12]    The Ohio court stated that, after term, a new indictment must be brought in order to prosecute the offender for the same offense.[13]

{¶ 20} While terms of court have been abolished, we believe the rationale behind *In re Golib* still applies.    The *Golib* court quoted extensively from *Douglas v. Allen*,[14] an 1897 decision in which the Ohio Supreme Court stated, in dicta, that a prosecution ended by a nolle prosequi has the same effect as one ended by an acquittal—that "there can thereafter be no conviction of the accused in that proceeding." [15]    When a criminal case is dismissed, it is over—except in the case where the dismissal is appealed.    This dismissal was not appealed.

---

8.  Id., 386 U.S. at 214, 87 S.Ct. 988, 18 L.Ed.2d 1.

9.  Id., 386 U.S. at 216, 87 S.Ct. 988, 18 L.Ed.2d 1.

10.  Id., 386 U.S. at 222, 87 S.Ct. 988, 18 L.Ed.2d 1.

11.  *In re Golib* (1955), 99 Ohio App. 88, 58 O.O. 173, 130 N.E.2d 855.

12.  Id., 99 Ohio App. at 91, 58 O.O. 173, 130 N.E.2d 855.

13.  Id.

14.  *Douglas v. Allen* (1897), 56 Ohio St. 156, 46 N.E. 707.

15.  See *Douglas v. Allen*, supra, 56 Ohio St. at 159, 46 N.E. 707.

{¶ 21} In more recent history, in *State v. Brown*,[16] this court held that once a criminal indictment is dismissed, it cannot be reinstated. In *Brown*, the defendant was indicted for a felony but then was found to be incompetent to stand trial. The case was transferred to the probate court, and the indictment against the defendant was dismissed. A year later, the probate court found that the defendant was no longer subject to hospitalization and discharged him, and the state moved to reinstate the indictment. The trial court granted the motion for reinstatement.[17]

{¶ 22} On appeal, this court reversed, holding that the trial court could not enter a "conditional dismissal" that allowed reinstatement of the indictment.[18] We reasoned that, under the Ohio Constitution, except in rare cases, felonies must be prosecuted by indictment.[19] As a result, once the original indictment against Brown was dismissed, he had the right to be free from any further felony prosecutions unless a grand jury re-indicted him.[20] We held, therefore, that the trial court had assumed jurisdiction over an improperly commenced felony prosecution. Without a sufficient or formal accusation, the court had no jurisdiction, and if it had assumed jurisdiction, the "trial and conviction [would have been] a nullity."[21]

### V. Again, No Jurisdiction

{¶ 23} Even without the cases we have cited, the law is clear—Crim.R. 48(A) controls. When the state voluntarily dismisses a case, it is terminated. Terminated means done, finished, over, kaput.

{¶ 24} In the case at bar, all criminal charges were dismissed against the Flynts. Another party entirely—the corporation—was substituted. The case was then against the corporation. The Flynts were no longer part of the case. The corporation was found guilty and paid a fine, and the case was then over against the corporation as well.

{¶ 25} The trial court's dismissal entry made reference to the "record" of the case. The record included a transcript from the plea hearing in Judge Dinkelacker's courtroom. We might agree with the state that the terms agreed to by

---

16. *State v. Brown* (1981), 2 Ohio App.3d 400, 2 OBR 475, 442 N.E.2d 475.

17. Id., 2 Ohio App.3d at 400–401, 2 OBR 475, 442 N.E.2d 475.

18. Id., 2 Ohio App.3d at 402, 2 OBR 475, 442 N.E.2d 475.

19. Id.; Section 10, Article I, Ohio Constitution.

20. See *State v. Brown*, supra, 2 Ohio App.3d at 402, 442 N.E.2d 475.

21. Id., quoting *Stewart v. State* (1932), 41 Ohio App. 351, at 353–354, 181 N.E. 111.

all the parties at the plea hearing included the condition that Larry Flynt, Jimmy Flynt, or Hustler News not disseminate, or cause to be disseminated, any sexually explicit videos in Hamilton County. But the only reference in the dismissal entry was "for the reason that Hustler * * * stands convicted and sentenced * * *, as is of record." The court spoke only through this entry.

{¶ 26} But even if there was a separate agreement, the terms of the agreement are irrelevant—the parties cannot "agree" to alter the law. The agreement made by the parties is simply unenforceable. The indictment against the Flynts was dismissed, and once that occurred, the case was terminated. If not terminated, where was the case for five years? Cases cannot be in limbo, to be magically resurrected at whim. The state cannot reinstate a dismissed indictment and perpetually save a place in a judge's courtroom to prosecute the Flynts.

{¶ 27} Therefore, to proceed with criminal charges against the Flynts, the state must seek a new indictment (provided that the statute of limitations has not run). Dismissal of an indictment without prejudice does not prevent reindictment,[22] and such reindictments occur with regularity. And, of course, if the Flynts are selling prohibited material now, a new prosecution may be commenced. But "reinstatement" of a previously dismissed indictment is not permitted.

{¶ 28} Given that the indictment against the Flynts cannot be reinstated, Judge Dinkelacker patently and unambiguously lacks jurisdiction over the case. There is no pending indictment that confers jurisdiction against the Flynts. Therefore, we grant summary judgment in favor of the Flynts and deny the state's motion for summary judgment. We grant the Flynts' motion for a writ of prohibition preventing Judge Dinkelacker from proceeding in the state's prosecution of the Flynts on the previously dismissed indictment.

Writ granted.

WINKLER, P.J., and HILDEBRANDT, J., concur.

---

22. See *State v. Stephens* (1977), 52 Ohio App.2d 361, 365, 6 O.O.3d 404, 370 N.E.2d 759.