ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On April 26, 2006, the relator, Bessie Tyus, commenced this prohibition action to prevent the trial court from ruling on the "Motion to Declare and Enforce the Charging Lien of the Discharged Attorneys." The next day, Tyus moved for an alternative writ. For the following reasons, this court, sua sponte, denies the application for a writ of prohibition and the motion for an alternative writ.
 {¶ 2} As gleaned from the complaint, the motion for an alternative writ and the docket of the underlying case, Tyus v.Grand Pointe Health Community, Cuyahoga County Common Pleas Court Case No. CV-571328, Tyus had retained certain attorneys to represent her in a claim for nursing home neglect. In February 2006, these attorneys withdrew, and Tyus retained other lawyers. On March 20, 2006, the trial court issued the following journal entry: "Court notified that this case is SDWP at defendants costs. Final. This court retains jurisdiction over all post-judgment motions. Court costs assessed to the defendants." On March 27, 2006, Tyus' prior attorneys filed the subject motion, and the trial court scheduled a hearing to adjudicate that motion. Tyus maintains that the dismissal pursuant to settlement divested the trial court of jurisdiction. State exrel. Richard v. Cuyahoga County Commissioners (1995),100 Ohio App.3d 592, 654 N.E.2d 443. Therefore, it is without jurisdiction to hear the subject motion.
 {¶ 3} However, the application for a writ of prohibition is fatally deficient. Tyus used the same caption as the underlying case. She should have named the appropriate judicial officer(s) as the respondent(s). This failure to properly caption a writ action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen Cty.
(1962), 173 Ohio St. 226, 181 N.E.2d 270. Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. State ex rel. Callowayv. Court of Common Pleas of Cuyahoga Cty. (Feb. 27, 1997), Cuyahoga App. No. 71699; State ex rel. Samuels v. MunicipalCourt (Nov. 22, 1994), Cuyahoga App. No. 67762; and State exrel. White v. Villanueva (Oct. 6, 1993), Cuayhoga App. No. 66009. Additionally, she failed to include the addresses of all the parties, as required by Civ.R. 10(A).
 {¶ 4} Moreover, the petitioner failed to support her complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 5} The claim for prohibition also fails on the merits. The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941),138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel.Sparto v. Juvenile Court of Darke County (1950),153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merionv. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 273; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
 {¶ 6} Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v.Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State exrel. Csank v. Jaffe (1995), 107 Ohio App.3d 387, 668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local SchoolDistrict Board of Education v. Portage County Court of CommonPleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365 and State exrel. Bradford v. Trumbull County Court, 64 Ohio St.3d 502,1992-Ohio-116, 597 N.E.2d 116.
 {¶ 7} In State ex rel. Rice v. McGrath (1991),62 Ohio St.3d 70, 71, 577 N.E.2d 1100, the Supreme Court of Ohio ruled that a judge loses "authority to proceed in a matter when he unconditionally dismisses it." In the instant case, the trial judge did not unconditionally dismiss the matter. Instead, she explicitly endeavored to retain jurisdiction over all post-judgment motions. This order clothes the trial judge with sufficient jurisdiction to determine her own jurisdiction, and Tyus has an adequate remedy through appeal, if necessary. Cf.State ex rel. Flynt v. Dinklacker 156 Ohio App.3d 595,2004-Ohio-1695, ¶ 13, 807 N.E.2d 967 ("A dismissal may be conditional in a civil suit. * * * But * * * the trial court must usually specifically retain jurisdiction.") Thus, the writ of prohibition is inappropriate on these facts.
 {¶ 8} Accordingly, this court denies the application for a writ of prohibition and the motion for an alternative writ. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Celebrezze, Jr., P.J., Concurs.
 Cooney, J., Concurs.