OPINION *Page 2 
{¶ 1} Defendants-appellants Milton and Marcy Studer (the Studers) appeal the April 6, 2007 judgment of the Carroll County Common Pleas Court. The issue in this case is whether the trial court erred in its April 6, 2007 judgment when it determined that it lacked jurisdiction in its September 27, 2006 judgment to vacate the April 17, 2006 judgment of dismissal and settlement. For the reasons expressed below, the trial court's April 6, 2007 judgment indicating that the trial court had no jurisdiction to vacate the dismissal and settlement is reversed and the cause is remanded. On remand, it is ordered that the September 27, 2006 judgment entry be reinstated.
 STATEMENT OF FACTS AND CASE {¶ 2} In November 1998, plaintiffs-appellees Michael and Lynn Connolly (the Connollys) entered into an agreement with the Studers to purchase lot six in Still Valley Lake, Carroll County, Ohio, for $95,000. The Studers are the developers and owners of Still Valley Lake, which consists of nine lots. At the time of the purchase agreement between the Studers and the Connollys, the Studers owned all lots and resided on lot number one.
 {¶ 3} The Connollys' claim that prior to purchasing lot six they had discussions with the Studers concerning the ability to protect their purchase, use of the property, and the amount of future assessments. Allegedly, in order to protect their purchase, the Connollys entered into an agreement with the Studers that provided if lots four, five, seven and eight sold for less than $95,000, the Connollys would be entitled to a proportional refund (referred to as price reduction agreement). According to the Connollys, lots two and three were excluded from this arrangement because they were not lake front property and were primarily wet lands not suitable for building. The Connollys indicate that the Studers assured them that the lake configuration would remain the same and lots two and three would not be converted to lake front property. After the Connollys purchased lot six, the Studers purportedly expanded the lake making lots two and three lake front property and sold lot two to James and Pamela Murray for $16,000. The Connollys allege that the Studers knew that the lake was going to be reconfigured and falsely stated that it was not. The Connollys maintain *Page 3 
that had they known about the expansion they would have insisted that lots two and three also be included in the price reduction agreement.
 {¶ 4} As to the use of their property, the Connollys state that they wanted to use the property for water skiing and camping. They wanted to build a garage on the land for storing boat(s) and skiing material; they did not intend to build a house. The Connollys maintain that the Studers assured them that the property could be used as camping. However, the Connollys contend that after those assurances were made, the Declaration of Restrictions for Still Valley Lake were modified to prohibit camping.
 {¶ 5} As to the future assessments, the Connollys claim that the Studers assured them that they would not pay more than their fair share of future assessments — 1/7 of the costs for the common areas. The Connollys state that they have been charged for more than 1/7 of the costs for the common areas.
 {¶ 6} Due to the above alleged misrepresentations, on June 7, 2005, the Connollys filed suit against the Studers alleging that the Studers fraudulently induced them to purchase lot six in Still Valley Lake, Carroll County, Ohio. The Connollys sought rescission of the deed.
 {¶ 7} On August 3, 2005, the Studers answered denying all allegations of fraud, and counterclaimed for trespass, frivolous conduct and intentional infliction of emotional distress. At a pretrial hearing on April 17, 2006, the parties informed the court that they had arrived at a "global" settlement to dispose of the case. The transcript indicates that the Studers agreed to pay the Connollys $100,000 and lot six would be conveyed to the Studers. (04/17/06 Tr. 2). The settlement also contained a confidentiality agreement and allowed for the Connollys to remove their personal property from the land. (04/17/06 Tr. 3, 5-6). At the hearing, it was acknowledged that the settlement was not yet in writing but there was an oral understanding of its terms. (04/17/06 Tr. 4-7).
 {¶ 8} Following the hearing, the trial court (Judge Martin) issued a journal entry indicating that the case has been fully settled and that the settlement was approved by the court and incorporated by reference. 04/17/06 J.E. The trial court then stated that the "court retains continuing jurisdiction to enforce the settlement." 04/17/06 J.E. The case then was dismissed with prejudice. 04/17/06 J.E. *Page 4 
 {¶ 9} On August 29, 2006, the Connollys filed a motion to enforce judgment. The Studers filed a response to that motion. A hearing was held on September 20, 2006. The record contains no transcript from that hearing. Following the hearing, the trial court issued a journal entry stating that a hearing was held and that the court found that there was a "sufficient mutual mistake of fact to invalidate the judgment Entry of April 17, 2006." 09/27/06 J.E. The court then vacated the April 17, 2006 judgment of dismissal and reactivated the case. That order was not appealed.
 {¶ 10} On March 23, 2007, the Connollys filed a motion to reconsider the order of vacation. The motion requested enforcement of the settlement. This motion was made before Judge Olivito; Judge Martin retired on December 31, 2006 and Judge Olivito took over Judge Martin's position on January 1, 2007. The Studers filed a response to the motion.
 {¶ 11} The trial court held an in chambers conference on the matter on April 4, 2007. Judge Olivito held that Judge Martin was without jurisdiction to entertain the August 29, 2006 motion to enforce settlement and therefore was without jurisdiction to vacate the dismissal. Thus, Judge Olivito found the September 27, 2006 journal entry reinstating the case was null and void. The Studers appeal from that ruling.
 FIRST ASSIGNMENT OF ERROR {¶ 12} "THE TRIAL COURT'S RULING SETTING ASIDE THE JUDGMENT ENTERED ON SEPTEMBER 27, 2006 BY JUDGE MARTIN IS ERRONEOUS AND CONSTITUTES AN ABUSE OF DISCRETION."
 {¶ 13} This court is reviewing Judge Olivito's decision that found that Judge Martin did not have jurisdiction to vacate his prior dismissal of the case. The entry states:
 {¶ 14} "The Court further finds that the agreed entry filed September 27, 2006 [entry vacating the dismissal] to be null and void as a matter of law and the same is hereby vacated. Case No. 05CVC24272 having been dismissed with prejudice by entry filed April 17, 2006, the Court had no case before it on September 27, 2006 so as to entertain, approve and file the September 27, 2006 entry vacating the April 17, 2006 Dismissal Entry thereby attempting to reactivate Case No. 05CVC24272 and schedule the case for trial on the Court's trial docket. No Civil Procedure Rule 60 *Page 5 
motion was pending before the Court prior to entering the September 27, 2006 entry. No Rule 60 hearing was conducted by the Court prior to the filing of the September 27, 2006 entry."
 {¶ 15} In determining whether the above holding was in error, there are a couple of issues to address. The first is whether the trial court had jurisdiction to entertain the August 2006 motion to enforce settlement. Judge Olivito was of the opinion that it did not.
 {¶ 16} Trial courts possess the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit.Gibson v. Meadow Gold Diary (2000), 88 Ohio St.3d 201, 205, citingMack v. Polson Rubber Co. (1984), 14 Ohio St.3d 34. However, a trial court will lose the authority to proceed in a matter when the courtunconditionally dismisses an action as the court no longer retains jurisdiction to act. State ex rel. Rice v. McGrath (1991),62 Ohio St.3d 70.
 {¶ 17} When an action is dismissed pursuant to a statedcondition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur. State ex rel. Flynt v. Dinkelacker,156 Ohio App.3d 595, 598, 2004-Ohio-1695. A conditional dismissal either incorporates the settlement into the dismissal judgment or the court makes a specific indication that it is retaining jurisdiction for enforcement purposes. Lamp v. Goettle, Inc., 1st Dist. No. C-040461,2005-Ohio-1877, ¶ 10, citing Grace v. Howell, 2d Dist. No. 20283,2004-Ohio-4120, ¶ 12.
 {¶ 18} When moving for enforcement of a settlement agreement and there are asserted factual disputes concerning the existence or the terms of a settlement agreement, a hearing is required to determine whether the agreement constituted a valid contract. Palmer v. Kaiser Found.Health (1991), 64 Ohio App.3d 140; Estate of Berger v. Riddle (Aug. 18, 1994), 8th Dist. Nos. 66195, 66200.
 {¶ 19} Here, in the trial court's April 17, 2006 dismissal, the court not only incorporated the settlement agreement by reference, but also specifically retained jurisdiction to enforce the settlement. Thus, while the dismissal was a final order, it was also a conditional dismissal. Accordingly, Judge Olivito's April 6, 2007 indication *Page 6 
that Judge Martin lacked jurisdiction on September 27, 2006, to rule on the motion to enforce was incorrect.
 {¶ 20} Furthermore, it is noted that the September 27, 2006 journal entry also clearly references that a hearing was held on the motion to enforce the settlement agreement. Consequently, not only did the trial court have jurisdiction to rule on the motion to enforce the settlement agreement, it also appropriately held a hearing on that motion.
 {¶ 21} Thus, as the trial court had jurisdiction to entertain the motion to enforce the settlement agreement in September 2006, the question then becomes could the trial court vacate the April 17, 2006 judgment in response to the motion to enforce judgment?
 {¶ 22} The April 17, 2006 journal entry that dismissed the case based upon the settlement and retained jurisdiction to enforce the settlement, was a final appealable order as it dismissed the case. The means to vacate a final order is through Civ.R. 60(B). This rule states that "on motion and upon such terms as are just, the court may relieve a party * * * from final judgment * * * for mistake * * *." As the rule states, a trial court can only vacate a decision when a motion has been made; it is without authority to sua sponte vacate a judgment under Civ.R. 60(B).Coffman v. Coffman (June 28, 1995), 2d Dist. No. 94-CA-104.
 {¶ 23} In the instant case, there was no written Civ.R. 60(B) motion filed with the court. However, the motion could have been made orally at the September 20, 2006 hearing, which was not transcribed. Neither the rule nor case law prohibits an oral motion to vacate based on Civ.R. 60(B).
 {¶ 24} Furthermore, in the context of a motion to modify a child support order, one appellate district has determined that a trial court does not act sua sponte in vacating its prior judgment even though a Civ.R. 60(B) motion was not filed with it because the vacation was in response to the motion to modify. Earl v. Earl, 9th Dist. No. 04CA008432, 2004-Ohio-5684. We find that that holding equally applies when a motion to enforce settlement is made and in response to that motion the trial court finds a mutual mistake of fact that requires vacation of the dismissal. As stated earlier, when a party files a motion to enforce and there is a claimed factual dispute *Page 7 
concerning either the existence of a settlement or the terms of the settlement, a hearing is required to determine whether the agreement constituted a valid contract. Palmer, 62 Ohio App.3d 140; Estate ofBerger, 8th Dist. Nos. 66195, 66200. If each party is mistaken as to a material fact of settlement, then there could be no meeting of the minds, and thus no valid contract for settlement. As such, vacation of the dismissal of the case may be required. Thus, for those reasons, given the facts here, we find that the trial court's vacation was in response to the motion to enforce; it did not act sua sponte. Hence, Judge Martin had the authority to vacate the dismissal entry in response to the motion to enforce.
 {¶ 25} The next question then becomes, does a party have the right to have the decision to vacate the settlement reviewed by the trial court or appellate court, i.e. is it a final appealable order or can it be reconsidered by the trial court. R.C. 2505.02(B), the final appealable order statute, states that an order that vacates a judgment, sets aside a judgment, or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial. Thus, the trial court's September 27, 2006 judgment was a final appealable order that could have been timely appealed. However, it was not.
 {¶ 26} Instead, months later when Judge Olivito came into office, the Connollys requested that the judgment be reconsidered. The Ohio Rules of Civil Procedure make no provision for a motion for reconsideration of a final order. Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378,380; Robinson v. Robinson, 168 Ohio App.3d 476, 2006-Ohio-4282, ¶ 17. Therefore, any order granting or denying the motion to reconsider is a legal nullity. Id. Consequently, the vacation order could not be reconsidered by Judge Olivito.
 {¶ 27} The means to have the September 27, 2006 judgment reviewed was through the appellate process, not through a motion to reconsider. The trial court's April 6, 2007 judgment, however, did not grant or deny the reconsideration motion. Rather, it made a determination that the trial court lacked jurisdiction to issue the September 27, 2006 vacation judgment. That was a jurisdictional determination that could be made at any time. However, as stated above, that decision was incorrect. The trial court did retain jurisdiction and the trial court could appropriately vacate the *Page 8 
dismissal in response to the motion to enforce. The September 27, 2006 decision was never appealed. Thus, any arguments as to the correctness of that holding are not before us and, as such, we cannot review the correctness of that decision.
 {¶ 28} Consequently, this assignment of error has merit. Judge Martin had jurisdiction to render the September 27, 2006 decision vacating the April 17, 2006 judgment of dismissal and settlement.
 SECOND ASSIGNMENT OF ERROR {¶ 29} "THE TRIAL COURT'S RULING IS ERRONEOUS AS A MATTER OF LAW AS IT ATTEMPTS TO ADJUDICATE RIGHTS OF A THIRD PARTY THAT HAS NOT BEEN MADE A PARTY TO THE SUIT AND IS THEREFORE OUTSIDE THE JURISDICTION OF THE COURT."
 THIRD ASSIGNMENT OF ERROR {¶ 30} "THE TRIAL COURT'S FINDINGS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 31} Due to the disposition of the first assignment of error, these assignments of error are moot. As such, they are not addressed.
 CONCLUSION {¶ 32} For the foregoing reasons, the trial court's April 6, 2007 judgment is hereby reversed and the cause is remanded to the trial court. Upon remand, the September 27, 2006 judgment is to be reinstated.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1