[Cite as *State v. Kadunc*, 2016-Ohio-4637.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-920 |
| v. | : | (C.P.C. No. 14CR-6279) |
| Michael J. Kadunc, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 28, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued:** *Valerie Swanson*.

**On brief:** *The Tyack Law Firm Co., LPA*, and *Jonathan T. Tyack*, for appellant. **Argued:** *Jonathan T. Tyack*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Michael J. Kadunc, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a jury verdict finding him guilty of one count of possession of heroin, a fourth-degree felony. Appellant now contends on appeal that the delay between his original arrest and the commencement of trial violated his constitutional and statutory right to a speedy trial.

{¶ 2} Columbus police stopped appellant, who was driving a rental vehicle, on August 5, 2013, for a minor traffic violation. After receiving his traffic citation, appellant left his vehicle parked in the street and entered a nearby home. Based on appellant's demeanor and the recent history of the house he had entered, the citing officers called for a canine search unit. The dog gave an alert indication on the rental vehicle. Police

impounded the vehicle and obtained a search warrant, which when executed yielded apparent heroin in small packages. Although investigators immediately sent the suspicious material for analysis by the Columbus police crime lab, the lab did not return its positive report until some eight months later on April 10, 2014. The report specified that 1.238 grams of material in seven small plastic bags tested as heroin. Based on this result and the relative amounts under Ohio sentencing guidelines, the lab did not test an additional 18 plastic bags containing 2.736 grams of material.

{¶ 3} Police arrested appellant on August 22, 2013, and charged him with one count of possession of heroin in the amount of 5.5 grams, an amount slightly greater than the subsequent lab-determined weight. The complaint specified a violation of R.C. 2925.11, a felony of the fourth degree. Appellant posted bond the following day. On September 4, 2013, appellant waived his right to a preliminary hearing and Franklin County Municipal Court transferred the matter to the Franklin County Court of Common Pleas under case No. 13CR-4666. The grand jury, however, returned a "no bill" on September 16, 2013, declining to indict. Other than the grand jury's report that it declined to indict appellant, the trial court took no formal action to enter a dismissal in accordance with Crim.R. 48.

{¶ 4} After the grand jury returned its no bill, more than one year passed without action from appellee. Appellant then filed a motion to dismiss case No. 13CR-4666 on September 23, 2014, alleging that the case had been pending since his arrest on August 22, 2013, that appellee had taken no further action, and that the delay violated appellant's constitutional and statutory right to a speedy trial. The trial court did not rule on this motion.

{¶ 5} Appellee re-presented the matter to the grand jury under new case No. 14CR-6279, repeating the possession charge but specifying only an amount between one and five grams and adding a second charge of trafficking under R.C. 2925.03, also a fourth-degree felony. On November 21, 2014, the grand jury returned indictments on both charges. A warrant issued for appellant on January 2, 2015, and appellant voluntarily presented himself into custody on January 6, 2015, entering his not-guilty plea and posting bond the following day.

{¶ 6}  Appellant moved to consolidate case Nos. 13CR-4666 and 14CR-6279 on January 21, 2015.  Appellee opposed the motion on the basis that case No. 13CR-4666 terminated on the grand jury's issuance of a no bill and that, as a result, the court of common pleas lacked jurisdiction to entertain motions under that case number or consolidate the terminated case with an active one.  The court denied appellant's motion to consolidate on those grounds.

{¶ 7}  On April 20, 2015, appellant again filed a motion to dismiss on speedy trial grounds, this time under the new case No. 14CR-6279.  The trial court denied the motion on May 20, 2015.  The matter went to trial on August 4, 2015, with a jury rendering a guilty verdict on the possession count and a not-guilty verdict on the trafficking count.  The court sentenced appellant to five years of community control.  Appellant brings the following assignment of error on appeal:

> THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS IN VIOLATION OF APPELLANT'S RIGHTS UNDER OHIO REVISED CODE § 2945.71 THROUGH § 2945.73, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶ 8}  The heart of appellant's assignment of error is the question of whether the period between the grand jury's return of a no bill under case No. 13CR-4666 and his ultimate indictment under case No. 14CR-6279 is countable for speedy trial purposes.  Appellant argues that a return of a no bill by the grand jury does not qualify as a dismissal under Crim.R. 48 or any other provision and does not toll the running of the Ohio statutory period for speedy trial rights set forth in R.C. 2945.71 through 2945.73.  Appellant further argues that, apart from his statutory right to a speedy trial, the 15-month delay between his original arrest and subsequent indictment on November 24, 2014 under case No. 14CR-6279 and the two-year interval between his original arrest and his trial, violate his right to a speedy trial under Article I, Section 10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution.

{¶ 9}  R.C. 2945.71(C)(2) requires the state to bring a felony defendant to trial within 270 days.  Under R.C. 2945.71(E), each day that the defendant is incarcerated in lieu of bond on the pending charge counts as three days.  Under R.C. 2945.72, the time to

bring the defendant to trial may be extended for various reasons with counting against the speedy trial limit:

> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

> (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

> (D) Any period of delay occasioned by the neglect or improper act of the accused;

> * * *

> (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.

{¶ 10} "For purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, syllabus.  On appeal, we calculate the number of days chargeable to either party under the statute and determine whether the accused was brought to trial within the period required.  *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 41 (10th Dist.).  When computing time under the statute, the date of arrest is not included.  *State v. Miller*, 10th Dist. No. 06AP-36, 2006-Ohio-4988, ¶ 7; Crim.R. 45(A); R.C. 1.14.  If the accused has demonstrated a prima facie case that his prosecution was pending for a time exceeding the statutory limits, the burden shifts to the state to show that the time limit was extended under the

various tolling provisions or otherwise should not be counted against the statute. *State v. Butcher*, 27 Ohio St.3d 28, 30-31 (1986).

{¶ 11} In arguing the statutory issue, appellant does not dispute appellee's position that the lapse of time between the indictment under case No. 14CR-6279 and his trial is attributable to his own motions or other tolling events and is, therefore, waived or tolled for speedy trial purposes. As a result, we approach this discussion by postulating that without the 14-month interval between no bill and indictment, no cumulation of the time between arrest and no bill, or indictment and trial, can reach the statutory limit.

{¶ 12} Appellee proposes that our decisions in *State v. Woods*, 10th Dist. No. 87AP-736 (June 16, 1988), and *State v. Montgomery*, 10th Dist. No. 89AP-1355 (Aug. 30, 1990), are guiding precedent for our treatment of the post-no-bill time. The latter is not fully on point: in *Montgomery*, the initial charges against the defendant appear to have been formally dismissed, rather than no billed by the grand jury. *Woods* did involve a no bill and delayed indictment but was reviewed in this court primarily under a due process challenge under the Fourteenth Amendment. We did summarily dispose of the defendant's claim that time after his no bill should count under R.C. 2945.71, observing without explanation that the speedy trial statute is "not applicable when no charges are pending against an accused." *Id.*, citing *United States v. Marion*, 404 U.S. 307 (1971), a delayed-indictment case that did not involve any preceding arrest or complaint.

{¶ 13} While we did not address in *Woods* the detailed arguments raised by appellant here regarding the relevant criminal rules, the Fourth District of Ohio has thoroughly examined and discussed the matter in *State v. Alexander*, 4th Dist. No. 08CA3221, 2009-Ohio-1401. In *Alexander*, a complaint charged the defendant with murder, but the grand jury returned a no bill. After a two-year delay, the state again presented the matter to the grand jury, which returned an indictment for aggravated murder, leading to a subsequent conviction. On appeal, the Fourth District concluded that the charges against the defendant were not "pending" for purposes of speedy trial time.

{¶ 14} As in the case before us, the court of common pleas did not formally dismiss the initial charge against the defendant in *Alexander* or explicitly release him from his bond originally set pursuant to the first complaint. The Fourth District began by noting

that the grand jury is "under the control and direction of the court of common pleas" and is "essentially an arm of the court." *Id.* at ¶ 21. "Chapter 2939 of the Ohio Revised Code and Crim.R. 6 set forth the duties and responsibilities of the grand jury. Under R.C. 2939.23, the foreman must notify the court of common pleas if the grand jury fails to return an indictment against an accused. Moreover, Crim.R. 6(F) provides: 'If the defendant is in custody or has been released pursuant to Rule 46 and seven [grand] jurors do not concur in finding an indictment, the foreman shall so report to the court forthwith.' " (Footnote omitted.) *Id.*

{¶ 15} From this, the court in *Alexander* concluded that when the state failed to obtain the initial indictment against the defendant and the grand jury issued its no bill, the trial court lost jurisdiction of the charge against the defendant. *Id.* at ¶ 25. *Alexander* noted that "if a court assumes jurisdiction over an improperly commenced felony prosecution, the trial and conviction would be a nullity." *Id.* at ¶ 24, citing *State ex rel. Flint v. Dinkelacker*, 156 Ohio App.3d 595, 2004-Ohio-1695, ¶ 21. In the absence of an indictment, the trial court could not proceed with jurisdiction over the matter, and, therefore, the court necessarily lost jurisdiction over the charge that would bound over to the grand jury, after the grand jury issued its no bill. *Id.*

{¶ 16} Under this reasoning, the court in *Alexander* concluded that a formal dismissal under Crim.R. 48 and a formal release from bond under Crim.R. 46 was not necessary because "[w]hen the grand jury failed to indict Alexander and the murder charge was no longer pending against him, his bail obligations were extinguished by operation of law." *Id.* at ¶ 28, noting the opposite conclusion reached by *State v. Scott*, 8th Dist. No. 59485 (Oct. 18, 1990).

{¶ 17} In conjunction with our earlier holding in *Woods*, the Fourth District's reasoning in *Alexander* is persuasive, and we apply it to the facts before us. We conclude that the time between the issuance of a no bill by the grand jury and subsequent indictment under a new case number is not chargeable to the state for speedy trial purposes, and the time computed for the other periods between arrest and trial do not exceed the 270-day requirement of R.C. 2945.71(C)(2).

{¶ 18} Because we so hold, we do not reach appellee's suggestion that an additional basis exists to preclude a speedy trial violation. Appellee argues that the later indictment

under case No. 14CR-6279 was based on additional evidence or facts in the form of the eventual laboratory analysis confirming that the seized material was heroin and, accordingly, would operate independently of any prior arrest or complaint and restart the speedy trial clock from zero. Because this issue is rendered moot by our application of *Alexander* to determine the effect of the grand jury no bill in terminating case No. 13CR-4666, we expressly make no application here of our holdings in *State v. Mohamed*, 10th Dist. No. 08AP-960, 2009-Ohio-6658, ¶ 2, and *State v. Brown*, 10th Dist. No. 12AP-292, 2012-Ohio-5903, or this aspect of the Supreme Court of Ohio's decision in *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 84, quoting *State v. Baker*, 78 Ohio St.3d 108, 110 (1997) ("A later indictment is not subject to the speedy-trial timetable of an earlier indictment or arrest 'when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment' or earlier arrest.").

{¶ 19} We now consider appellant's assertion that, Ohio statutory rights apart, the two-year delay between arrest and trial presumptively violated his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. Under some circumstances, these constitutional speedy trial guarantees may be broader than the equivalent statutory right. *State v. O'Brien*, 34 Ohio St.3d 7, 8-9 (1987). Ohio courts have held that the state and federal constitutional speedy trial rights, however, are co-extensive. *State v. MacDonald*, 48 Ohio St.2d 66, 68 (1976); *State v. Miller*, 10th Dist. No. 04AP-285, 2005-Ohio-518, ¶ 8. We must balance four factors in assessing a constitutional speedy trial challenge: the length of delay, the reasons for the delay, the defendant's timely assertion of his speedy trial right, and resulting prejudice to the defendant from the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

{¶ 20} We first note that appellant meets the third prong of the *Barker* standard because he has repeatedly and clearly raised his speedy trial challenges through the course of proceedings in the trial court.

{¶ 21} The first *Barker* factor, the length of delay, requires a double inquiry: the defendant must first make a threshold showing of presumptively prejudicial delay to trigger further analysis, and a court must then consider the length of delay in conjunction

with the other *Barker* factors. *Doggett v. United States*, 505 U.S. 647 (1992); *Miller*, 2005-Ohio-518, at ¶ 11. A delay approaching one year becomes "presumptively prejudicial" under *Barker*. *Doggett* at 652, fn. 1. In the present case, if we omit the 14-month interval between the grand jury's issuance of a no bill and eventual indictment, the period to be counted is substantially less than one year; moreover, much of that period is attributable to motion practice by the defense that may be considered and discounted under the second prong of *Barker*, leaving very little room to presume a prejudicial delay in this case. The constitutional speedy trial claim, therefore, again turns on our treatment of the post-no-bill interval.

{¶ 22} We find that the post-no-bill period, for reasons that are congruent with our approach to the statutory speedy trial challenge, will not be counted in assessing the constitutional challenge. The United States Supreme Court has specifically addressed treatment given to a period after charges are dismissed and new charges are brought for the same crime: "Once charges are dismissed, the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation." *United States v. MacDonald*, 456 U.S. 1, 8-9 (1982). "[U]nder the rule of *MacDonald*, when defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause." *United States v. Loud Hawk*, 474 U.S. 302, 312 (1986).

{¶ 23} The Supreme Court of Ohio recently applied these authorities in *Adams* to discount speedy trial time: "Thus, for constitutional speedy-trial purposes, the only time we count is the period from Adams's arrest [for burglary] on December 30, 1985, to the grand jury's issuance of a 'no bill' in May 1986, plus his 24 days of incarceration [following his later arrest for aggravated murder] in October 2007. We hold that this period was not 'presumptively prejudicial,' and we therefore do not need to reach the other elements of the *Barker* inquiry." *Adams* at ¶ 95. Because we have concluded in the present case that appellant was not subject to a bond or other constraint on his freedom after the grand jury issued its no bill, we find that the ensuing period is not a basis for a finding of undue delay. Moreover, appellant has failed to particularize any prejudice under the fourth

prong of *Barker* resulting from the delay, either by inability to produce witnesses or otherwise contest the material facts of his guilt.

{¶ 24} In summary, we find that appellant has not demonstrated a violation of his right to speedy trial under either Ohio's speedy trial statute or the constitutions of Ohio and the United States. Appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
HORTON, J., dissents.

HORTON, J., dissenting.

{¶ 25} Because I cannot concur with the majority's disposition of appellant's speedy trial challenges under either statute or constitution, I respectfully dissent.

{¶ 26} I would include the entire 14-month period between the grand jury's return of the no bill and the subsequent indictment under a new case number in my R.C. 2945.71(C)(2) computation, and as a result find that the state has failed to rebut appellant's showing that more than 270 days elapsed between his arrest and trial. This is true even if we consider the ensuing period from indictment to trial as entirely waived or tolled.

{¶ 27} In the absence of an express dismissal of the case under Crim.R. 48, I consider that appellant was continuously under the conditions of his bond as set by the municipal court after his initial arrest. Crim.R. 46(H) clearly states that "the same bond shall continue until the return of a verdict or the acceptance of a guilty plea. * * * Any provision of a bond or similar instrument that is contrary to this rule is void." Because appellant was subject to the constraints of his bond and resulting " ' "continuing restraint on [his] liberty imposed in connection with the formal charge on which [he was] eventually tried," ' " the time must count for speedy trial purposes. *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, ¶ 13, quoting *State v. Weiser*, 10th Dist. No. 03AP-95, 2003-Ohio-7034, ¶ 25-26, quoting *United States v. Stead*, 745 F.2d 1170, 1172 (1984).

{¶ 28} The Fourth District's reasoning in *State v. Alexander*, 4th Dist. No. 08CA3221, 2009-Ohio-1401, explains no other mechanism by which bond or a pending criminal case can terminate "by operation of law." *Id.* at ¶ 2. I conclude to the contrary

that it is by operation of rule and statute that a case *cannot* be terminated by implication. I, therefore, find no reason to exclude the 14-month period after the no bill for purposes of computing statutory speedy trial delay in this case.

{¶ 29} Likewise, I would find that *State v. Woods*, 10th Dist. No. 87AP-736 (June 16, 1988), in which we first held that an interval following a no bill does not count for speedy trial purposes, is flawed authority. In *Woods*, we relied without further explanation on the United States Supreme Court case of *United States v. Marion*, 404 U.S. 307 (1971). *Marion* is not a no bill case, nor even a case involving an initial arrest followed by release or dismissal of charges. *Marion* addresses only an allegedly unreasonable delay in prosecution based on the interval between *commission of the crime* and a delayed indictment; there was no initial arrest in *Marion*, only pre-indictment investigation. As such, it provides no reasonable foundation for *Woods*' conclusion regarding the speedy trial effect of a no bill returned after the defendant has been arrested and arraigned in municipal court.

{¶ 30} I further emphasize that we lack any evidence in the present case that appellant was actually freed from the restrictions and conditions of his bond after the grand jury returned its no bill. The majority's holding effectuates an indefinite period of time in which criminal defendants will remain subject to conditions of bond but see the time under bond tolled for speedy trial purposes unless the trial court expressly enters an order terminating the matter.

{¶ 31} With proper consideration of the 14-month period following the grand jury's return of a no bill, I would also find a violation of appellant's constitutional right to speedy trial:

> " 'We can see little, if any, difference in the dilemma which unreasonable delay creates for the suspect who was belatedly charged, the accused named in a warrant promptly issued but belatedly served, and the indicted defendant whose trial has been unduly postponed. The same considerations which impel prompt action in the one situation are equally critical in the others.' " *State v. Meeker* (1971) 26 Ohio St.2d 9, 16, 55 O.O.2d 5, 268 N.E.2d 589, quoting *State v. Johnson* (1969), 275 N.C. 264, 271-272, 167 S.E.2d 274.

*Azbell* at ¶ 39, Moyer, C.J., dissenting. Under the Sixth Amendment authorities cited by the majority, we should find that the two-year interval between initial arrest and trial in this case was presumptively prejudicial.

{¶ 32} Finally, because I would include the 14-month period following the no bill as countable time, I must address the state's contention that under *State v. Mohamed*, 10th Dist. 08AP-960, 2009-Ohio-6658, ¶ 2, and *State v. Brown*, 10th Dist. No. 12AP-292, 2012-Ohio-5903, the later indictment in case No. 14CR-6279 operated under its own speedy trial clock and took no account of earlier time accruing under case No. 13CR-4666. The bedrock principle in Ohio remains that " 'when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.' " *State v. Adams*, 43 Ohio St.3d 67, 68 (1989), quoting *State v. Clay*, 9 Ohio App.3d 216 (11th Dist.1983). *Brown* and *Mohamed* apply only as exceptions to that rule and are predicated on the appearance of material new facts that would alter the prosecution's theory of the case or the charged offense.

{¶ 33} The initial arrest and complaint in this case accused appellant of possession of heroin. The laboratory report confirming that the seized material was in fact heroin did not constitute a new fact but merely confirmation of the assumed facts upon which the initial arrest and complaint were based. If the laboratory report had revealed, instead, that the substance was *not* heroin, *only then* might that constitute new facts that required dismissal or modification of pending charges. Confirmation of the assumed facts, however, does not constitute new evidence of a different crime or "facts different from the original charges," as required by *State v. Baker*, 78 Ohio St.3d 108 (1997), syllabus, to restart the speedy trial clock. "The holding in *Baker* is disjunctive and identifies two scenarios in which the state is not held to the speedy-trial timetable of an initial complaint or indictment: (1) when additional criminal charges arise from different facts, or (2) when the state did not know of these facts at the time of the initial indictment." *Brown* at ¶ 10, citing *Mohamed* at ¶ 30.

{¶ 34} For these reasons, I would find that the 14-month period between no bill and indictment counts against the state for statutory speedy trial purposes, that the 2-year

delay between initial arrest and trial supports a constitutional speedy trial violation, and that the subsequent indictment represented a mere continuation of the original complaint.  I would sustain appellant's assignment of error and reverse the judgment of conviction sentence entered by the Franklin County Court of Common Pleas. I respectfully dissent.

_____