[Cite as *DeCuzzi v. Mak*, 2024-Ohio-619.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| LOUIS DECUZZI | | C.A. No.   23CA0011-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| TIN Z. MAK | | |
| Appellant | | CASE No.   21-CIV-0859 |

DECISION AND JOURNAL ENTRY

Dated: February 20, 2024

SUTTON, Presiding Judge.

{¶1}   Defendant-Appellant Tin Z. Mak appeals from the judgment of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶1}   On October 29, 2021, Louis DeCuzzi filed a complaint for defamation against Tin Mak in the Medina County Court of Common Pleas.  At the time of the filing of the complaint, both Mr. DeCuzzi and Mr. Mak were members of the Homeowners Association Board ("HOA board") for the Benjamin Farm Homeowners Association, with Mr. DeCuzzi serving as the president of the board.

{¶2}   The complaint alleged Mr. Mak failed to take adequate care of his residential property, which caused Mr. DeCuzzi and other members of the HOA board to communicate with Mr. Mak "to cut his lawn and maintain his residence up to the Brunswick community standards to protect market value of all properties in the neighborhood."  The complaint alleged that because

of these communications, Mr. Mak retaliated against Mr. DeCuzzi "by sending defamatory emails and placing defamatory statements in [mailboxes] of at least 286 residents in the HOA [] concerning [Mr. DeCuzzi]'s ability to honestly handle HOA finances and conduct his business and profession honestly." The complaint further alleged the defamatory statements "include[d] but are not limited to accusing [Mr. DeCuzzi] of being part of an illegal financial kickback scheme involving the handling of HOA dues, doctoring HOA meeting records to cover up various forms of illegal conduct, holding secret meetings, improper vendor contract bidding, employing 'friends' to be HOA accountants and destroying financial records." The complaint sought compensatory and punitive damages, attorney fees, and an order restraining Mr. Mak from making further defamatory statements against Mr. DeCuzzi.

{¶3} The trial court scheduled a pre-trial hearing. After that hearing, Mr. DeCuzzi filed a motion to enforce a settlement agreement, asserting the parties had reached a settlement agreement before the pre-trial hearing, and Mr. Mak failed to execute his part of the agreement. Mr. Mak did not file a written response to the motion. The trial court scheduled a hearing on the motion, and after the hearing the trial court issued an order granting the motion to enforce. The trial court ordered Mr. Mak to pay Mr. DeCuzzi the sum of $5,250.00 and to sign a written retraction of Mr. Mak's defamatory statements.

{¶4} Mr. Mak filed a timely appeal, assigning one error for this Court's review.

I.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED BY RULING TO ENFORCE A NON-EXISTENT AGREEMENT, A WORK-IN PROGRESS AGREEMENT NEGOTIATION THAT HAD FAILED TO PRODUCE THE MEETING OF THE MINDS WHERE SUBSTANTIAL DISAGREEMENTS STILL EXISTED[.]**

**{¶5}** In his sole assignment of error, Mr. Mak argues the trial court erred in enforcing the settlement agreement because an agreement between the parties did not exist. For the following reasons, we disagree.

**{¶6}** The standard of review of a trial court's ruling on a motion to enforce a settlement agreement is whether the trial court's order is based on an erroneous standard or misconstruction of law, i.e., whether the trial court erred. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1996). "When moving for enforcement of a settlement agreement and there are asserted factual disputes concerning the existence or the terms of a settlement agreement, a hearing is required to determine whether the agreement constituted a valid contract." *Connolly v. Studer*, 7th Dist. Carroll No. 07 CA 846, 2008-Ohio-1526, ¶ 18, citing *Palmer v. Kaiser Foundation Health*, 64 Ohio App.3d 140 (8th Dist.1991).

**{¶7}** Here, Mr. DeCuzzi filed a motion to enforce the settlement agreement. In his motion, Mr. DeCuzzi explained the parties, with counsel, negotiated a settlement agreement before the pre-trial hearing. The motion indicated a magistrate was present and the magistrate "advised [that the trial court] would keep a record of the negotiated essential terms in its file notes." The motion asserted "[t]he parties agreed in exchange for dismissal of [Mr. DeCuzzi]'s case that [Mr. Mak] would execute a retraction attached as an Exhibit A and pay [Mr. DeCuzzi] through counsel in trust the sum of $5250.00, each party bear own costs." After the meeting, counsel for Mr. DeCuzzi sent counsel for Mr. Mak a written settlement agreement. Mr. Mak's counsel then offered an alternative written settlement agreement that contained certain releases and confidentiality provisions, which Mr. DeCuzzi signed after adding two clarifications to the document regarding the scope of the agreement. The settlement agreement contained an attachment titled "Exhibit A."

"Exhibit A" was a written retraction of the defamatory statements, to be signed by Mr. Mak, and it read:

Statement of John (Tin Z.) Mak

In my letters concerning Benjamin Farms Homeowner's Association, if my words have given anyone the erroneous impression that there was wrongdoing by Louis Decuzzi, I regret writing those words and apologize to Mr. Decuzzi.

Both the written settlement agreement, titled "Confidential Settlement Agreement and Release," and Exhibit A were attached to Mr. DeCuzzi's motion. Mr. Mak did not file a written response to the motion.

{¶8} The record shows the trial court held a hearing on the motion. At the hearing, Mr. Mak's counsel agreed that an agreement existed between the parties "in principle," but argued the parties were not in agreement over what language should appear in a proposed written settlement agreement. Mr. Mak did not dispute that he agreed to pay Mr. DeCuzzi the sum of $5,250.00. Initially, counsel for Mr. Mak asserted Mr. Mak agreed to sign Exhibit A before the pre-trial hearing, but then later in the hearing disputed that Mr. Mak agreed to have the word "erroneous" included in the text of Exhibit A. Counsel for Mr. DeCuzzi then provided the trial court with a draft of Exhibit A that Mr. Mak himself had given the magistrate who conducted the settlement conference, and that draft included the word "erroneous."

{¶9} After the hearing, the trial court issued the following order:

Upon all due consideration this [c]ourt finds that the Plaintiff Louis DeCuzzi['s] motion to enforce the settlement made by the parties in this case is well taken and will be enforced without delay. IT IS THE ORDER OF THIS COURT that Defendant Tim Z. MAK forward to the Counsel for the [Mr. DeCuzzi] a certified check or money order in the amount of $5250.00 made out to "Michael T. Conway in trust for Louis DeCuzzi" and [Mr. Mak] will sign his name and date onto the retraction for defamation that is attached as an exhibit to [] [Mr. DeCuzzi]'s motion to enforce settlement and forward that document to [counsel for Mr. DeCuzzi] along with the said check or money order and retraction as instructed no later than 7 days from receipt of this order. Upon receipt of the said settlement agreement consideration, [Mr. DeCuzzi] will dismiss this case without prejudice, each party

to bear own costs.   [Mr. Mak]'s refusal to comply with this ORDER may be punishable as a contempt of this [c]ourt.

**{¶10}**  Although the trial court did not order Mr. Mak to sign the written settlement agreement containing the confidentiality provisions and releases that he objected to signing, the trial court found the terms of the settlement agreement were that Mr. Mak would pay Mr. DeCuzzi the sum of $5,250.00 and sign Exhibit A, and in return Mr. DeCuzzi would dismiss the case without prejudice.

**{¶11}**  The record shows the trial court conducted a hearing to determine whether a settlement agreement existed and the terms of the settlement agreement.  The record supports the trial court's conclusions that a settlement agreement existed and what the terms of that settlement agreement were.  After reviewing the record in this case, we cannot determine the trial court erred as a matter of law.

**{¶12}**  Mr. Mak's assignment of error is overruled.

### III.

**{¶13}**  Mr. Mak's assignment of error is overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

TIN Z. MAK, pro se, Appellant.

MICHAEL T. CONWAY, Attorney at Law, for Appellee.